United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-60730
Summary Calendar
_____

SAMUEL RILEY,

                                        Plaintiff-Appellant,

versus

JACKSON COUNTY SHERIFF'S DEPARTMENT;
MIKE BYRD, in his official capacity as
the duly elected sheriff of Jackson County;
JACKSON COUNTY; JOHN DOES, A through Z,
in their official capacities,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:04-CV-98
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:*

      Samuel Riley appeals the summary-judgment dismissal of his

42 U.S.C. § 1983 lawsuit.  Specifically, he challenges the

dismissal of his excessive-force claim against Jackson County,

Mississippi, and Sheriff Mike Byrd in his official capacity ("the

appellants").  Riley does renew his claims that the appellants

are liable for inadequate training or supervision, nor does he

renew other claims he raised in the district court against the

--------------------

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

other named defendants, and those claims are deemed abandoned.
See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

This court reviews the grant of a motion for summary judgment de novo. Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is appropriate when, considering all of the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). If the moving party meets his burden of showing that no genuine issue exists, the burden shifts to the nonmoving party to produce evidence or set forth specific facts showing the existence of a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The nonmovant cannot satisfy his summary judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence. Little, 37 F.3d at 1075.

Summary judgment was proper in the instant case because Riley has not established that an official policy or custom caused his alleged constitutional violation. See McKinney v. Irving Indep. Sch. Dist., 309 F.3d 308, 312 (5th Cir. 2002). As he did in the district court, Riley asserts that the appellants should have but failed to adopt a policy specifically governing

the use of less lethal munitions and that their failure to do so amounted to deliberate indifference.  White brief, 8-10.  He essentially urges that the absence of the policy subjected him to the excessive use of force, enabling officers on site to order that he be shot eight times with such munitions at close range at the time of his arrest.

Riley has not refuted the appellants' summary-judgment evidence that there was in effect at the time of his arrest a written use-of-force policy that applied to all uses of force by Jackson County deputies, which policy prohibited deputies from using more force than necessary when making an arrest.  Riley's conclusional assertion that there was no official policy governing the use of less lethal munitions, or that the written use-of-force policy in place did not govern the same, is not sufficient to create a material factual dispute.  See Little, 37 F.3d at 1075.  This is true even though he presented the same conclusional allegation in affidavit form.  See id.  Similarly, Riley's conclusional allegation that the appellants are liable because they routinely engage in and are sued for using excessive force, as evidenced by the numerous § 1983 lawsuits filed against them, is insufficient.  See Spiller v. City of Texas City, Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997).

The true nature of Riley's complaint is that the officers on site used excessive force when arresting him.  Even if it is assumed that the arresting officers did use force excessive to

the need during Riley's arrest, their actions would have been a deviation from, not pursuant to, official policy.  The officers themselves are not parties to this appeal, and neither Jackson County nor Sheriff Byrd may be held liable on a theory of respondeat superior.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978).  Summary judgment was appropriate, and the judgment is AFFIRMED.